[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12658
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00383-TCB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS LEBRON GARRETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 3, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Appellant Thomas Lebron Garrett appeals his 9-month sentence, imposed after admitting to violations of his supervised release, pursuant to 18 U.S.C. § 3583(e).  On appeal, Garrett argues that his sentence is substantively unreasonable when compared to his circumstances.  Garrett contends that he should have received a sentence below the low-end of the guideline range.

This court reviews *de novo* "the legality of a sentence, including a sentence imposed pursuant to revocation of a term of supervised release." *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007) (internal quotation marks omitted).  The reasonableness of a final sentence is reviewed for an abuse of discretion.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).  This includes reviewing the final sentence for both procedural and substantive reasonableness.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question." *Id.*  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  "The weight to be

2

accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

This court will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011) (internal quotation marks omitted). "Although we do not automatically presume a sentence within the guidelines range is reasonable, 'we ordinarily expect a sentence within the Guidelines range to be reasonable.'" *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quoting *Talley*, 431 F.3d at 788) (alterations omitted).

When sentencing a defendant upon revocation of supervised release pursuant to 18 U.S.C. § 3583(e), a district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care,

or correctional treatment; (3) the kinds of sentences available; (4) the sentencing guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e) (providing that the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when sentencing a defendant upon revocation of supervised release); 18 U.S.C. § 3553(a).

We conclude from the record that Garrett's 9-month sentence was substantively reasonable. The district court properly considered all the factors and imposed a within-range guideline sentence, which we conclude to be reasonable. Garrett had multiple violations during his supervised release and demonstrated no desire to reform. Rather, he continued to engage in drug activity, despite multiple attempts at deterrence, including a lengthy sentence for his underlying offense. The district court's chosen sentence was reasonable, and we affirm Garrett's sentence.

**AFFIRMED.**